**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMBULATORY SURGICAL CENTER OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC., d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Civil Action No. 07-2538 (SDW)<br><br><br>**OPINION**<br><br><br><br>February 21, 2008 |

**WIGENTON**, District Judge.

Before the Court is Defendant Horizon Healthcare Services, Inc.'s ("Horizon" or "Defendant") Motion to Dismiss Plaintiff Ambulatory Surgical Center of New Jersey's ("ASCNJ" or "Plaintiff") Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, **GRANTS** the motion in part and **DENIES** it in part.

## I.    JURISDICTION and VENUE

The Court has subject matter jurisdiction over this matter pursuant to § 502 of the Employee Retirement Insurance Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and 28 U.S.C. § 1331. The Court exercises supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b).

1

## II.   FACTUAL BACKGROUND

ASCNJ is an ambulatory surgical care provider . Pl.'s Compl. ¶ 7.  Horizon provides health insurance to subscribers under various health insurance contracts.  *Id.* at ¶ 9.  As an out-of-network provider, ASCNJ has no contractual agreement with Horizon that governs the terms under which ASCNJ receives payment for the services it has been performing since October 2005.  *Id.* at ¶ 8.  All Horizon insurance plans incorporate an "anti-assignment" provision which prohibits patients from assigning their right to benefits to another individual or entity.  Def.'s Mot. Dismiss at 3.

Before providing services, ASCNJ requires patients to complete a form stating that the patient assigns to ASCNJ all insurance benefits covered by Horizon. Pl.'s Compl. ¶ 16.  After performing its services, ASCNJ submits a claim form to Horizon. In most cases, Horizon responds by making payment directly to ASCNJ.  *Id.* at ¶ 22.  In some cases, Horizon sends ASCNJ a form called an Explanation of Benefits ("EOB") explaining its denial of the claim, at which point ASCNJ will either contact Horizon to discuss the claim or initiate a formal appeal. *Id.* at ¶ 24. In addition, if Horizon later determines that a previous payment exceeded the amount of reimbursement due to ASCNJ, it will adjust its next payment accordingly.  *Id.* at ¶ 23.

On May 30, 2007, ASCNJ filed a seven count complaint alleging that Horizon made insufficient payments to ASCNJ for services rendered to Horizon-insured patients.  ASCNJ's Complaint alleges four federal causes of action: (1) Horizon breached its contract by failing to pay ASCNJ under § 502(a) of ERISA, 29 U.S.C. § 1132(a) as a beneficiary; (2) Horizon violated its fiduciary duty of loyalty and care under ERISA § 404(a)(1)(B) and (D), 29 U.S.C. § 1004(a)(1)(B) and (D) and ERISA § 406, 29 U.S.C. § 1006; (3) Horizon violated N.J.A.C. 11:21-7.13(a) by providing an inaccurate calculation of the Usual and Customary Rates

("UCR"), further violating ERISA; and (4) Horizon violated N.J.A.C. 11:21-7.13(a) by failing

to reimburse ASCNJ for actual charges, further violating ERISA. *Id.* at 9, 13-16. Plaintiff's

Complaint also contains three state common law claims against Horizon for: (1) trade libel, (2)

tortious interference with contractual relations and (3) negligent misrepresentation. *Id.* at 10-13.

Horizon subsequently filed a motion to dismiss ASCNJ's Complaint pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and for lack of

standing under ERISA's preemption provisions.

## III.   LEGAL STANDARD

The court must review Defendant's Motion to Dismiss according to the standard set forth

in Fed. R. Civ. P. 12(b)(6). The court must accept as true all material allegations of the

complaint and it must construe the complaint in favor of the Plaintiff. *Warth v. Seldin*, 422 U.S.

490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478,

483 (3d Cir. 1998). Generally, when reviewing a 12(b)(6) motion, the court may only consider

the complaint, exhibits attached to the complaint, matters of public record, and undisputedly

authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit*

*Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court, however,

may consider documents attached to, integral to, or relied upon by the complaint. *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The court may also

take judicial notice of relevant legal proceedings. *S. Cross Overseas Agencies, Inc. v. Wah*

*Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). A complaint should be

dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing

all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts

consistent with the allegations of the complaint." *Trump*, 140 F.3d at 483. While the complaint

is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).  The Court analyzes and adjudicates ASCNJ's motion on this standard.

## IV.   DISCUSSION

### A.   Standing For ASCNJ's ERISA Claims

#### 1.   Count One- Plaintiff's ERISA Breach of Contract Claim

Horizon contends that, as a threshold matter, ASCNJ lacks standing to sue for breach of contract under ERISA because ASCNJ does not hold a valid assignment of benefits. To support this argument, Horizon points to an anti-assignment provision in its plans which prohibits an insured from assigning to non-participating providers his right to benefits.  ASCNJ maintains that Horizon's anti-assignment provision is invalid and unenforceable, and contends that it is a valid plan beneficiary based on patient assignment.  ASCNJ further argues that even assuming this Court were to find Horizon's anti-assignment provision enforceable, Horizon waived such provision and is estopped from raising it based on their past dealings and long-standing course of conduct.

ERISA does not expressly state whether beneficiaries may assign their right to receive benefits to medical services providers.  Congress' silence on the issue, however, when viewed against ERISA's express pension benefit assignment prohibition, has been construed by this Court as an indication that health care benefits are assignable. *Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*, 2007 WL 2416428, at 4 (D.N.J., 2007).  Moreover, since the Third Circuit in *Pascack Valley Hosp., Inc., v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) expressed "no opinion" on the benefit assignment validity

issue, district courts in this Circuit have explicitly recognized and upheld benefit assignment validity between patient and hospital. *See Israel v. Northern New Jersey Teamsters Ben. Plan,* 2006 WL 2830973, at 5 (D.N.J.,2006) ("[T]he Hospital has met its burden of establishing the existence of a valid assignment"); *see also Englewood Hosp. & Med. Ctr. v. Aftra Health Fund,* 2006 WL 3675261, at 3 (D.N.J., 2006). Additionally, almost every Circuit to have considered this question has recognized and championed a healthcare provider's ability to assert a § 502 (a) ERISA claim where the patient has assigned benefits under an ERISA-governed plan. *See, e.g., Tango Transport v. Healthcare Fin. Servs.,* 322 F.3d 888, 891 (5th Cir. 2003); *Morlan v. Universal Guar. Lif. Ins. Co.,* 298 F. 3d 609, 614-15 (7th Cir. 2002); *Sys. Council Em-3 v. AT & T Corp.,* 159 F.3d 1376, 1383 (D.C. Circuit 1998); *City of Hope Nat'l Med. Ctr. v. Healthplus, Inc.,* 156 F.3d 223, 226 (1st Circ. 1998); *St. Francis Reg'l Med. Ctr. v. Blue Cross and Blue Shield of Kan.,* F.3d 1460, 1464-65 (10th Cir. 1995).

In *Wayne,* this Court held that it was disjointed to recognize a defendant as a valid assignee with "the right to receive the benefit of direct reimbursement from its patients' insurers", while not being allowed to judicially enforce this right. 2007 WL 2416428, at 8. Similarly, in the present case, it would be illogical to allow ASCNJ to be a valid reimbursement assignee but not allow it to judicially enforce that right. Therefore, ASCNJ has standing under ERISA due to the validity of its patients's assignment of benefits.

Secondarily, ASCNJ has standing under ERISA due to Horizon's waiver of its anti-assignment provision based on its course of dealings with ASCNJ. A party is equitably estopped from enforcing a right when it voluntarily conducts itself in a manner that precludes it from asserting that right, and when another person relied in good faith on the party's conduct and was injured as a result. *See Gregory Surgical Svcs. v. Horizon Blue Cross Blue Shield of N.J., Inc.,*

5

2006 WL 1541021, at 6 (D.N.J., 2006) *(Citing County of Morris v. Fauver*, 707 A.2d 958, 969 (N.J. 1998)). A waiver occurs when a party performs an act that voluntarily, knowingly, and intentionally relinquishes a known right. *Id.* at 6-7. Finally, a party may waive an anti-assignment provision "by a written instrument, a course of dealing, or even passive conduct, i.e., taking no action to invalidate the assignment vis-a-vis the assignee." *Garden State Bldgs., L.P. v. First Fid. Bank*, N.A., 702 A.2d 1315, 1322 (N.J. Super. Ct. App. Div. 1997), *cert. denied*, 707 A.2d 153 (N.J. 1998).

ASCNJ describes an extensive course of dealings with Horizon that constitutes a waiver of the anti-assignment provision and estops Horizon from disavowing ASCNJ's ERISA standing. The referenced conduct includes patient coverage discussions under health care policies, direct submission of claim forms, direct reimbursement of medical costs, and engagement in appeal processes. Horizon's history reflects a course of conduct beyond direct reimbursement for medical services, without any mention of Horizon's invocation of the anti-assignment clause. Such actions impede Horizon's ability to rely on the anti-assignment provision to challenge ASCNJ's ERISA standing. Moreover, ASCNJ relied on Horizon's conduct in good faith and assumedly was injured when it failed to receive the full amount of benefits purportedly guaranteed in Horizon's contracts. As such, ASCNJ's ERISA § 502(a) breach of contract claim is not subject to dismissal and will be allowed to proceed as a matter of law. Having found that ASCNJ alleged sufficient facts in its complaint to support ERISA standing, this Court will now turn to Horizon's remaining ERISA dismissal arguments.

    2.    <u>Count Five- Plaintiff's ERISA Breach of Fiduciary Duty Claim</u>

ASCNJ contends that Horizon breached its fiduciary duty of loyalty and care by failing to pay its actual charges for services. ERISA defines a fiduciary as a person or entity that

6

"exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . [or holds] any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A); see also *Briglia v.Horizon Healthcare Svcs., Inc.*, 2005 WL 1140687, at 6 (D.N.J., 2005). The Third Circuit has emphasized that "the linchpin of fiduciary status under ERISA is discretion." *Curcio v. John Hancock Mut. Life Ins.* Co., 33 F.3d 226, 233 (3d Cir. 1994). If the person or entity performs mostly ministerial or administrative tasks, such as claims processing and calculation, it likely will not be found to constitute a fiduciary under ERISA. *Confer v. Custom Engineering Co.,* 952 F.2d 34, 39 (3d Cir. 1991). A healthcare provider must exercise "more discretion and control than that of a mere claims processor... [M]aking initial claims decisions and processing claims fails to constitute a fiduciary" *Briglia,* 2005 WL 1140687, at 8. Finally, the Third Circuit has concluded that allowing beneficiaries to assert claims "against non-fiduciary plan administrators... would upset the uniform regulation of plan benefits intended by Congress." *Kollman v. Hewitt Associates, LLC,* 487 F.3d 139, 150 (3rd Cir. 2007) (*quoting Howard v. Parisian, Inc.*, 807 F.2d 1569, 1565 (11th Cir. 1987)).

Here, ASCNJ alleges that Horizon acted as a fiduciary to plan beneficiaries, as such term is understood under ERISA §404(a)(1)(B) and (D), 29 U.S.C. § 1004(a)(1)(B) and (D). However, ASCNJ's Complaint alleges no facts supporting a finding that Horizon is a fiduciary, but instead states a legal conclusion that this Court is not bound to accept as true. As a result, the Court will dismiss Plaintiff's breach of fiduciary duty claim without prejudice and allow ASCNJ to replead it with the requisite factual specificity. [1]

---

[1] In an abundance of caution, this Court grants ASCNJ the opportunity to replead its breach of fiduciary duty claim, but if sufficient facts to support the conclusion that Horizon is an

**B.      ASCNJ's State Law Claims Are Preempted Under ERISA**

     1.     <u>Counts Two, Three and Four- Plaintiff's Common Law State Claims</u>

Horizon contends that ASCNJ's second, third, and fourth causes of action for trade libel, tortious interference with contractual relations, and negligent misrepresentation must be dismissed as ERISA preempted.[2] In *Gregory Surgical Services, L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey*, 2006 WL 1541021, at 5, n. 1 (D.N.J., 2006), the Court found that "[e]xcept for state laws regulating insurance, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employment benefit plan." 29 U.S.C. § 1144(a). "State laws" include any and "all laws, decisions, rules, regulations, or other State action having the effect of law...." U.S.C. § 1144(c)(1).

The Supreme Court provided guidance on the scope of complete preemption under ERISA § 502(a)(1)(B) in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Id.* at 208. Therefore, "ERISA includes expansive preemption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* Section 502(a) allows "a participant or beneficiary" to bring an action "to recover benefits due to him

_____

ERISA fiduciary are not alleged in the amended complaint, ASCNJ's fiduciary claim may be subject to dismissal with prejudice.

    [2] The Court notes that ASCNJ admits in its opposition submission that its negligent misrepresentation claim may be duplicative of its § 502 (a)(1)(B) ERISA claim. While ASCNJ correctly asserts that it is entitled to plead alternative theories of relief, in the interest of case efficiency and judicial economy it is not entitled to plead duplicative alternate claims expressly designed to circumvent ERISA's preemption provisions. Pl.'s Opp. Br. 27, n. 7. The Supreme Court did not allow such an attempt in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), finding that a plaintiff could not relabel claims in order to evade the preemptive scope of ERISA. (citing *Allus-Chalmers Corp v. Lueck ,*471 U.S. 202, 217, S. Ct. 1904.) As such, ASCNJ's negligent misrepresentation claim is independently subject to dismissal on this basis alone.

under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. Based on *Davila*, the Third Circuit established a two-prong test in *Pascack Valley* for determining whether state law claims brought by plaintiffs, such as ASCNJ, are completely preempted by ERISA. 388 F.3d 393, 400. Under the *Pascack Valley* test, a state claim may be completely preempted only if (1) plaintiff could have brought its state action under § 502(a), and (2) if no other legal duty supports a plaintiff's claim. *Id.*

ASCNJ fulfills the first test prong by acquiring ERISA standing. *See supra*, Part IV (A). ASCNJ fulfills the second test prong as its state law claims do not arise via independent contract terms, but rather from an ERISA governed reimbursement amount dispute for which ASCNJ is a valid patient benefit assignee. In *Pryzboski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 273 (3d Cir. 2001), the Third Circuit held that "cases where the claim challenges the administration of, or eligibility for, benefits" are completely preempted by ERISA§ 502(a). Symbiotically, the *Wayne* Court ruled that third party beneficiary claims against an insurer sounding in unjust enrichment and tortious interference state law claims essentially served to retrieve "benefits due" and challenged the "administration of benefits", rather than arising from any independent legal duty or contract. 2007 WL 2416428, at 5. Symmetrically, ASCNJ's state law claims essentially serve to retrieve benefits due and challenge Horizon's benefits administration. ASCNJ's state law claims are therefore completely preempted under ERISA § 502(a).

ERISA's express preemption provision, § 514(a), provides that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter

shall supersede any and all State laws insofar as they may not or here after ***relate to*** any

employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). In *Pilot Life Insurance*

*Company v. Dedeaux*, the Supreme Court gave § 514(a) a broad reading, stating: "[T]he phrase

'relate to' [is] given its broad common sense meaning, such that a state law 'relate[s] to' a

benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a

plan." *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metro. Life*

*Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985)) (internal quotation marks omitted). In the instant

matter, ASCNJ's state law claims directly question Horizon's actions.   This Court thus finds

that ASCNJ's state law claims are inextricably entwined and cannot be resolved without detailed

reference to Horizon's EOB forms and benefit plans, which are clearly ERISA governed.

ASCNJ's state law claims are consequently preempted under ERISA §§ 502(a) and 514 (a), and

are hereby dismissed with prejudice.

       2.     Counts Six and Seven- Plaintiff's ERISA State Law Claims.

ASCNJ alleges in counts six and seven that Horizon's violations of N.J.A.C. 11:21-7.13

constitute ERISA violations. Because these ERISA-based claims refer to N.J.A.C. 11:21-7.13,

Horizon argues that these claims are preempted. As already addressed, *infra*, any state-based

claim arising under ERISA will be completely preempted if the two prong *Pascack Valley* test is

met. 388 F.3d 393, 400. ASCNJ has standing as a valid patient insurance plan assignee under

ERISA, fulfilling prong one. *See supra*, Part IV (A). As N.J.A.C. 11:21-7.13 patient insurance

plans are explicitly ERISA governed, there is no other independent legal duty to support

ASCNJ's state law claims, satisfying prong two. These claims are not only completely

preempted under § 502 (a) but are also expressly preempted under § 514 (a) due to their clear

reference to ERISA governed plans. Consequently, ASCNJ's N.J.A.C. 11:21-7.13 claims are

hereby dismissed without prejudice as preempted under ERISA §§ 502(a) and 514 (a). [3]

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that ASCNJ has alleged sufficient facts to establish standing by assignment, and independently, on theories of waiver and estoppel, to sue Horizon as an ERISA beneficiary.  The Court further deems Horizon's anti-assignment provision unenforceable as a matter of law.  Having resolved this threshold issue, the Court declines Horizon's application to dismiss ASCNJ's first cause of action, but grants its application to dismiss ASCNJ's fifth, sixth, and seventh ERISA causes of action without prejudice, and will allow ASCNJ leave to file within 45 days from the date of this Opinion an amended complaint sufficiently alleging its facts, claims and theories for these ERISA causes of action.  The Court grants Horizon's application to dismiss ASCNJ's second, third, and fourth state law causes of action with prejudice as §§ 502(a) and 514 (a) ERISA preempted.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.

---

[3] Notwithstanding, the Court grants ASCNJ the opportunity to replead counts six and seven.  However, if the claims fail to be repleaded independently of N.J.A.C. 11:21-7.13, and if sufficient facts are not alleged to support the conclusion that the claims have ERISA standing, counts six and seven may be subject to dismissal with prejudice.